UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

===========================================
                                              )
In re:                                        ) Chapter 7
    DONALD F. DREW,                       ) No.  11-16612–WCH
                       Debtor        )
                                              )
===========================================

DECISION ON MOTION TO AVOID JUDICIAL LIEN

Debtor Donald F. Drew ("Debtor") filed a motion, pursuant to 11 U.S.C. § 522(f)(1) and MLBR 4003-1, seeking to avoid the judicial lien of Beacon Electrical Distributors, Inc. ("Beacon"), on Debtor's principal residence in Braintree, Massachusetts (the "Property")[1]. Beacon objected.[2] After a hearing, I took the motion under advisement.

I now hold that a further evidentiary hearing is necessary.

*Facts*[3]

On June 10, 1982, Debtor and his non-debtor spouse, Donna Drew ('Donna") took title to the Property as tenants by the entirety. Subsequently Debtor and Donna granted a mortgage on the Property, now held by Bank of America with a current balance of $73,005.32 (the "Mortgage"). On or about September 16, 2010, Beacon

---

[1] Motion to Avoid Judicial Lien, Docket No. 13 (the "Motion").

[2] Objection to Motion to Avoid Judicial Lien, Docket No. 27 (the "Objection").

[3] There appear to be no factual disputes and so I have derived this discussion from the Motion and Objection.

1

obtained an execution against Debtor's interest in the Property in the amount of $100,000.00 (the "Execution").

On June 27, 2011 Debtor and Donna jointly executed a Declaration of Homestead (Elderly) which was recorded on July 12, 2011. On the latter date, Debtor filed his petition in this case.[4] On Schedule C – Property Claimed as Exempt, Debtor claimed an exemption in the Property in the amount of $500,000.00.[5]

According to a broker's price opinion obtained by Debtor, the current fair market value of the Property is $585,000 to $600,000. Beacon does not discuss the spread in these figures.

*Debtor's Position*

Debtor asserts that his interest in the Property is one-half of the fair market value and hence $292,500 to $300,000. Starting from this premise, he applies the formula of 11 U.S.C. § 522(f)(2)(A), adding the lien ($100,000.00), the mortgage (the only other lien) ($73,005.32), and the claimed exemption ($500,000), which aggregate $673,005.32, thus making Beacon's entire lien avoidable. Debtor further asserts that he is entitled to both his and Donna's homestead exemptions. (This would result in complete avoidance of the lien even if full value were the test).

*Beacon's Position*

Beacon counters that Debtor cannot assert a second homestead exemption and that the statutory formula must be applied against the full fair market value of the

---

[4] The Declaration of Homestead was recorded at 1:16 pm. The bankruptcy petition was received at 3:35 pm.

[5] While Debtor specified Mass. Gen. Laws ch. 188 § 1A as the basis for his exemption on Schedule C, the Massachusetts Homestead Act was substantially revised effective March 16, 2011. Accordingly, Debtor's declaration of elderly homestead was actually made pursuant to Mass. Gen. Laws ch. 188, § 2 (2011).

2

property, and not half of it.  As a result, it contends that its lien may only be avoided in part.

*Discussion*

Section 522(f) provides that a debtor may avoid the fixing of a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . ."[6]  The following subsection explains that:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>     (i) the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.[7]

As explained above, the parties disagree with respect to two points as to how this formula applies in this case.

Debtor's first position --- that only one-half of the value of the property be considered in determining the motion --- is contrary to the accepted principle in this circuit.  Because a tenancy by the entirety under Massachusetts law "is a 'unitary title' . . . in which the interests of both husband and wife extend to the whole of the property,"[8] the United States Bankruptcy Appellate Panel of the First Circuit has held, "the Debtor's interest in the tenancy by the entirety property for purposes of the section 522(f) formula

---

[6] 11 U.S.C. § 522(f)(1)(A).

[7] 11 U.S.C. § 522(f)(2)(A).

[8] Snyder v. Rockland Trust Co. (*In re* Snyder), 249 B.R. 40, 44 (B.A.P. 1st Cir. 2000),  *aff'd without reference to this point*, 2 Fed.Appx 46 (2001).

3

should be valued at 100 percent."[9] Moreover, because the Mortgage was a joint undertaking of Debtor and Donna, and the Execution is only against Debtor's interest, we are led to apply the variation on the strict statutory language developed in *Nelson v. Scala*.[10] In that case, the United States Court of Appeals of the First Circuit recognized that a literal reading of "the statutory formula does not quite 'work' in [a] case [that] has to do with the asymmetry of obligations as between [debtor] and his wife."[11] Accordingly, the First Circuit held that "[i]n these circumstances, we think that the departure from the literal language- always a step to be taken with hesitation- is nevertheless well justified."[12] Therefore, "[w]here a debtor is a co-owner of property and there is an 'asymmetry of obligations' between the owners, we determine the debtor's interest in the property by subtracting from the fair market value any consensual liens and dividing the resulting equity in half."[13] Here, this requires us to first subtract the joint lien of the Mortgage from the full value of the Property before applying the formula.

Debtor's second argument --- that he is entitled to $500,000 homestead exemptions for both himself and his wife --- must also fail. Pursuant to 11 U.S.C. § 522(b)(1), "an individual *debtor* may exempt from property of the estate the property listed in . . . paragraph (3) of this subsection," which allows the debtor to claim the

---

[9] *In re* Snyder, 249 B.R. at 46. *See also* Garran v. SMS Financial V, LLC (*In re* Garran), 338 F.3d 1 (1st Cir. 2003) (*citing Snyder* and accepting without discussion that full value is to be used in making the calculation).

[10] 192 F.3d 32 (1st Cir. 1999).

[11] *Id.* at 35-36.

[12] *Id.* at 36.

[13] Premier Capital, Inc. v. Pagnini (*In re* Pagnini), 433 B.R. 455, 459 (B.A.P. 1st Cir. 2010) (*citing Nelson*, 192 F.3d at 34).

exemptions provided for under applicable state law.[14]  His wife is not a debtor in this case; she has no right to claim a homestead exemption in this bankrupcy.  As I recently held with respect to the prior version of the Massachusetts homestead statute, "unlike the General Homestead Statute, the Elderly Homestead Statute is not, by its express terms, 'an estate of homestead . . . for the benefit of the family,' but a protection of an elderly person's individual ownership interest in real property occupied as a principal residence."[15] ."  Although the Massachusetts Homestead Act was substantially revised, this concept was retained in the current statutory language.[16]  Indeed, it expressly contemplates that even where the home is owned by tenants by the entirety and aggregation of the spouses homestead exemptions might otherwise be possible, "no owner who declares a homestead, acting individually, shall be entitled to claim an exemption of more than $500,000."[17]

Debtor offered a range of values ($585,000 to $600,000) as the fair market value of the Property.  Subtracting the balance of the Mortgage as required by *Nelson v. Scala*, leaves a range of $511,994.68 to $526,994.68.  Because I hold that the full fair

---

[14] *See* 11 U.S.C. § 522(b)(1), (3)(A) (emphasis added).

[15] *In re* Tague, 444 B.R. 218, 222 (Bankr. D. Mass. 2011).

[16] Mass. Gen. Laws ch. 188, § 2(a) (2011) ("The estate of homestead of *each owner* who is an elderly or disabled person, regardless of marital status, shall be protected under this section against attachment, seizure, execution on judgment, levy and sale for payment of debts and legacies . . . .") (emphasis added).  *Cf.* Mass. Gen. Laws ch. 188, § 1A (2010) (Each *individual* having an ownership interest in the real property . . . which serves as that individual's principal residence and who qualifies under the provisions of this section shall, upon filing of an elderly . . . person's declaration of homestead protection, be eligible for protection of such ownership interest up to a maximum amount of $500,000 *per individual*, regardless of whether such declaration is filed individually or jointly with another.) (emphasis added).

[17] Mass Gen. Laws ch. 188, 1, ¶ 2 (2011).

5

market value of the property must be considered, and further that Debtor is only entitled to a single homestead exemption, some of Beacon's lien is not avoidable.[18]

*Conclusion*

Because I do not have a specific target to use in making a final determination, I shall schedule a further hearing on the Motion for the purpose of taking evidence as to the actual value of the Property to be used in applying the formula. If the parties are able to agree on that value, no evidence will be necessary.

_____
William C. Hillman
United States Bankruptcy Judge

Date: October 17, 2011

COUNSEL APPEARING

    David B. Madoff, Madoff & Khoury LLP, Foxborough MA, for Debtor.
    James M. Liston, Sarah A. Smegal, Bartlett Hackett Feinberg PC,
        Boston MA, for Beacon Electrical Distributors, Inc.

---

[18] Assuming the lower value, having netted out the Mortgage, the sum of the lien ($100,000.00 and the exemption available ($500,000.00) total $600,000.00, which exceeds the debtor's interest in the property in the absence of any liens by $88,005.32, so that $11,994.48 of Beacon's line remains unavoidable. If the high end of the range is correct, an additional $15,000.00 would not be avoided.